IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIA CHEVALIER,<br><br>        Plaintiff,<br><br>  v.<br><br>SUTTER HOTEL, et al.,<br><br>        Defendants.<br>_____/ | No. C-07-0401 MMC<br><br>**ORDER RE: LETTER REQUEST; DIRECTING DEFENDANT OAKLAND SUTTER HOTEL, LP TO MAIL PLAINTIFF COPIES OF DOCKET NOS. 22 AND 23; DIRECTIONS TO CLERK** |

       The Court is in receipt of plaintiff Kia Chevalier's letter dated November 8, 2007, wherein plaintiff provides the Court with her correct mailing address, states she has not received copies of three documents in the Court's file, specifically Docket Nos. 13, 22, and 23, and requests that copies of said documents be mailed to her.[1]  Docket No. 13 is the May 11, 2007 Chief Judge's Order titled "In re: Electronic Filing in Cases Involving Unrepresented Parties" (hereafter "Chief Judge's Order").  Docket No. 22 is defendant Oakland Sutter Hotel, LP's Answer; Docket No. 23 is defendant Oakland Sutter Hotel, LP's Case Management Conference Statement.

       As plaintiff notes in her letter, Docket Nos. 13, 22 and 23 are not located in the

---

[1] The Court ordinarily does not act on requests made by letter.  The Court will make an exception in this instance, however, to ensure plaintiff has been provided a copy of all orders issued in her case.

1  Clerk's file. Contrary to plaintiff's assertion, however, they are not "missing" from that file.
2  Each of said documents was electronically filed and, consequently, need not be filed in the
3  Clerk's file. (<u>See</u> Chief Judge's Order at 1:17-20.) Unrepresented parties such as plaintiff,
4  are, however, entitled to have paper copies of all filed documents served on them by mail.
5  (<u>See</u> <u>id</u>. at 1:20-21.)

6  In light of plaintiff's assertion that she has not received a copy of the above-
7  referenced documents, and plaintiff's recent specification of her "correct/change of Mailing
8  address," defendant is hereby ORDERED to mail to plaintiff, within 10 days hereof, copies
9  of Docket Nos. 22 and 23.[2] Additionally, the Clerk is hereby DIRECTED to update the
10 docket with respect to plaintiff's address, as set forth in her letter of November 8, 2007, and
11 to mail to plaintiff a copy of Docket No. 13. All such copies shall be mailed to plaintiff at the
12 address specified in her letter of November 8, 2007: Post Office Box 55641, Hayward,
13 California 94545.

14 **IT IS SO ORDERED.**

15 Dated: December 6, 2007                         MAXINE M. CHESNEY
16                                                 United States District Judge

---

[2] The Court notes that each of said documents was filed prior to plaintiff's providing her "correct/change of Mailing address" and defendant appears to have mailed each of said documents to plaintiff at an address previously provided by plaintiff. (<u>See</u> Def.'s Answer at 9:10-11; Def.'s Case Management Conference Statement at 3:10-11.)
   The Court further notes that plaintiff has previously provided inconsistent and conflicting address information in her filings. (<u>Compare</u> Pl.'s Complaint filed January 22, 2007 (identifying plaintiff's address as including Post Office Box "55641"), Pl.'s Notice of Need of ADR Telephone Conf. filed April 12, 2007 (same), <u>and</u> Pl.'s Case Management Statement filed October 5, 2007 (same), <u>with</u> Pl.'s Am. Compl. filed February 23, 2007 (identifying plaintiff's address as including Post Office Box "55461"), Pl.'s Request for Entry of Default J. filed August 15, 2007 (same), <u>and</u> Pl.'s Request for Entry of Default J. filed October 5, 2007 (same)).

2