IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIA CHEVALIER, | No. C-07-0401 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE; VACATING HEARING** |
| v. | |
| SUTTER HOTEL, et al., | |
| Defendants. | |
| _____ / | |

Before the Court is the motion filed January 25, 2008 by plaintiff Kia Chevalier, by which plaintiff seeks to strike the answer filed by defendant Oakland Sutter Hotel ("Oakland Sutter") and the "appearance" of Oakland Sutter's counsel Robert Wertz.[1]  Oakland Sutter has filed a response; plaintiff has not filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-1(b), hereby VACATES the March 7, 2008 hearing on the matter, and rules as follows.

To the extent plaintiff seeks to strike Oakland Sutter's answer in its entirety as untimely, or portions thereof, as surplusage and/or otherwise improper, plaintiff's motion is

---

[1] Although plaintiff's motion also references Rule 56 of the Federal Rules of Civil Procedure, (see Mot. at 5:6-18), plaintiff does not argue for summary judgment, nor has she submitted evidence in support of summary judgment.

1 untimely under Rule 12(f) of the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 12(f) (providing, where no responsive pleading is permitted, motion to strike matter from pleading must be made "within 20 days after being served with the pleading"). On October 9, 2007, plaintiff was served by mail with Oakland Sutter's answer. See Answer at 9 (Proof of Service); see also Fed.R.Civ.P. 5(b)(2)(C) (providing service by mail "is complete upon mailing"). Pursuant to Rule 12(f), plaintiff could have brought a timely motion to strike all or part of Oakland Sutter's answer if such motion were filed on or before October 29, 2007; as noted, plaintiff filed the instant motion to strike on January 25, 2008.

Additionally, to the extent plaintiff further requests that the Court enter a default judgment against Oakland Sutter, (see Mot. at 2:17-19 (stating plaintiff entitled to default judgment)), plaintiff's motion is procedurally improper, for the reason that the Clerk of Court has not entered default against Oakland Sutter. See Fed.R.Civ.P. 55(a), 55(b)(2); Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (describing two-step process, required by Rule 55, of first obtaining entry of default by the clerk, and, second, seeking default judgment from the court). Further, even were it procedurally proper, the Court would decline to enter default judgment in this instance, where Oakland Sutter submitted its responsive pleading eight days beyond the prescribed deadline. See id. at 1472 (holding late-filed responsive pleading justified denial of default judgment); Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1317 (11th Cir. 2002) (holding late-filed motion to dismiss, along with participation in removal and notice of appearance by defendant, justified denial of default judgment).

Lastly, to the extent plaintiff moves to strike the appearance of defense counsel for the asserted reason that defense counsel "represents a Co-defendant that has yet to be joined in the lawsuit," (see Mot. at 2:10-15), plaintiff fails to present sufficient grounds for disqualification. At present, defense counsel represents only defendant Oakland Sutter, and, contrary to plaintiff's argument, the mere fact that defense counsel has been retained

//

//

2

by a defendant's insurer does not create grounds for disqualification.

Accordingly, plaintiff's motion to strike is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 5, 2008

／s／ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge