IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIA CHEVALIER,

    Plaintiff,

v.

SUTTER HOTEL, et al.,

    Defendants.

No. C-07-0401 MMC

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; VACATING HEARING**

    Before the Court is plaintiff Kia Chevalier's "Motion for Reconsideration of the Order of Judge Chesney, March 5, 2008 (Order Denying Plaintiff's Motion to Strike &/; Vacating Hearing)," filed March 19, 2008, which filing the Court construes as a motion for leave to file a motion for reconsideration. See Civil Local Rule 7-9(a) (providing "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion").

    Plaintiff seeks reconsideration of the Court's March 5, 2008 order based on the existence of new facts, including the fact that plaintiff did not receive a copy of defendant Oakland Sutter's opposition to plaintiff's motion to strike, filed February 12, 2008, at the time it was filed. (See Pl.'s Mot. for Reconsideration Ex. A at 1.)[1] By the instant filing,

---

[1] Plaintiff states that she subsequently, on February 27, 2008, obtained a copy of the opposition. (See id.) The deadline for plaintiff to file a reply to the opposition was February 28, 2008. Plaintiff does not explain why she did not, upon obtaining a copy of the opposition on February 27, 2008, seek an extension of such deadline at that time.

1  plaintiff presents her argument in reply to said opposition.  (See id. at 2.)

2       Assuming, arguendo, the circumstances described by plaintiff could justify reconsideration, plaintiff's reply would not have affected, and does not affect, the factual basis or reasoning on which the Court's March 5, 2008 order relied.  Specifically, plaintiff's argument does not alter the underlying facts that plaintiff's motion to strike was not filed until January 25, 2008, and, as such, was untimely, (see Order Denying Pl.'s Mot. to Strike at 2:6-8), that the Clerk of Court has not entered default against Oakland Sutter, (see id. at 2:9-15), or that defense counsel represents only Oakland Sutter in the instant action, (see id. at 2:25-3:1).  Further, plaintiff presents no legal authority contrary to the Court's reasoning.

     Accordingly, plaintiff's motion is hereby DENIED.[2]

**IT IS SO ORDERED.**

Dated: March 24, 2008

MAXINE M. CHESNEY
United States District Judge

---

[2] The April 23, 2008 hearing on the matter is hereby VACATED.

2