UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIA C. CHEVALIER,

          Plaintiff,

    v.

OAKLAND SUTTER HOTEL, L.P. dba Sutter Hotel,

          Defendant.
_____/

No. C-07-0401 MMC (EMC)

**ORDER CONDITIONALLY GRANTING DEFENDANT'S MOTION TO COMPEL**

**(Docket No. 38)**

Currently pending before the Court is Defendant's motion to compel. Having reviewed the parties' briefs and accompanying submissions, the Court hereby conditionally **GRANTS** Defendant's motion and **RECOMMENDS** to the presiding judge that the appeal taken by Plaintiff be certified as frivolous.

## I. DISCUSSION

The parties do not dispute that the discovery sought by Defendant is relevant. Plaintiff's main claim is that Defendant's motion to compel is unnecessary because she has already expressed to Defendant her willingness to produce documents, to supplement her interrogatory responses, and to appear for a deposition.

Although Plaintiff may be willing to provide the discovery sought, the fact remains that it has been almost a month since her opposition and still no documents have been produced, no supplemental responses have been served, and no deposition has taken place. Accordingly, the Court does not find the motion to compel unnecessary. Furthermore, contrary to Plaintiff's

1  contention, an order compelling her to provide the discovery requested will impose no burden on her
2  as she has already agreed to provide it and the Court shall give her adequate time to provide it.

3       The Court, however, may only conditionally grant Defendant's motion to compel because
4  Plaintiff has appealed one of the interlocutory orders issued by Judge Chesney.  The general rule is
5  that a notice of appeal divests the lower court of jurisdiction over all but tangential matters.  *See*
6  *Marks v. Clarke*, 102 F.3d 1012 , 1018 n.8 (9th Cir. 1996).  While there is an exception to this rule --
7  *i.e.*, when the district court certifies that the interlocutory appeal is frivolous or forfeited, *see id.* --
8  Judge Chesney has not made such a certification in the instant case.

9       That being said, in the interest of efficiency, the Court recommends that such a certification
10 be issued.  Plaintiff does not have an appeal as of right of Judge Chesney's order denying Plaintiff's
11 motion to strike Defendant's answer.  *See* 19-201 Moore's Fed. Prac. -- Civ. § 201.30 (noting that
12 "[a] party may appeal as of right interlocutory orders concerning the following types of proceedings:
13 injunction, receivership, arbitration, admiralty, and patent infringement"); *see also* 28 U.S.C. §
14 1292(a), (c).  Nor does she have permission to file an interlocutory appeal pursuant to § 1292(b).
15 Under this provision,

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

22 *Id.* § 1292(b).  In the instant case, Judge Chesney has not certified the order at issue for an
23 interlocutory appeal.  Moreover, the Court sees no basis for certifying an interlocutory appeal under
24 § 1292(b) because Judge Chesney's order did not involve a controlling question of law as to which
25 there is substantial ground for difference of opinion.  In her order, Judge Chesney simply held that
26 the motion to strike was untimely under the clear terms of Federal Rule of Civil Procedure 12(f) and
27 that a default judgment, to the extent one was sought, was not appropriate because Plaintiff failed to
28 seek entry of default first, as required by Rule 55, and because Defendant was only a week or so late

in filing an answer. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (listing factors for a court to consider in ruling on a motion for default judgment, two of which are the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits and the possibility of a dispute concerning material facts).

## II. RECOMMENDATION & CONCLUSION

For the foregoing reasons, the Court conditionally grants Defendant's motion to compel and recommends that the presiding judge certify that the interlocutory appeal taken by Plaintiff is frivolous. If such certification should issue, then within thirty (30) days of the certification, Plaintiff shall respond to the document requests served by Defendant, produce responsive documents, and provide supplemental responses to the interrogatories. The production of documents and further responses to interrogatories shall not be conditioned as an agreement on the dates for deposition. Plaintiff has an independent duty to respond to Defendant's written discovery requests. Furthermore, upon certification, the parties shall meet and confer to determine a date and time for Plaintiff's deposition. More specifically, Defendant shall provide to Plaintiff four different proposed dates for the deposition; Plaintiff shall accept one of the four dates.

This order disposes of Docket No. 38.

IT IS SO ORDERED.

Dated: April 16, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIA C. CHEVALIER, | No. C-07-0401 MMC (EMC) |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| OAKLAND SUTTER HOTEL, L.P. dba Sutter Hotel, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

KIA C. CHEVALIER
P.O. Box 55641
Hayward, CA 94545
510/467-3538

*ALL OTHER COUNSEL SERVED VIA
ELECTRONIC FILING ("E-FILING")*

Dated: April 16, 2008    RICHARD W. WIEKING, CLERK

By: _____/s/_____
Leni Doyle
Deputy Clerk